**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| SCRIPPS MEDIA INC., | : | |
| *Plaintiff,* | : | Case No. 1:21-cv-790 |
| | : | |
| vs. | : | Judge Jeffery P. Hopkins |
| | : | |
| CETUS CORPORATION, | : | |
| | : | |
| *Defendant.* | : | |

---

## OPINION & ORDER

---

Plaintiff Scripps Media Inc. ("Scripps Media") entered into an agreement with Defendant CETUS Corporation ("CETUS") to provide advertising, production, and other related services. Scripps Media alleges that CETUS breached its contractual obligations by failing to make timely payments owed under that agreement. Compl., Doc. 1, ¶¶ 8–11. To date, CETUS has failed to appear or otherwise defend this action. For the reasons expressed below, Scripps Media's motion for default judgment (Doc. 16) is **GRANTED**.

### I.   LAW & ANALYSIS

There is a two-step sequential process for obtaining default judgment. *See Allied Consol. Enters. v. Aladwan*, No. 2:20-cv-4561, 2021 WL 1572291, *2 (S.D. Ohio April 22, 2021). The party seeking this relief must first apply for an entry of default from the clerk.[1] *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Then, after the party obtains an entry of default, that party may request that default

---

[1]   An entry of default was entered in this case on July 13, 2023. *See* Doc. 10.

judgment be entered. Fed. R. Civ. P. 55(b). This can happen two ways: by the clerk or by the court.

If the party's claim is for a sum certain or a sum that may be ascertained by computation, the clerk may enter default judgment. Fed. R. Civ. P. 55(b). In any other case, the party must seek default judgment from the court. *Id.* When considering an application for default judgment, the court will accept the complaint's factual allegations as true but must assess whether the factual allegations are legally sufficient to state the alleged cause of action. The moving party may prove the existence of damages through detailed affidavits or documentary evidence, or at an evidentiary hearing. *Arthur v. Robert James Assocs. Asset Mgmt.*, No. 3:11-cv-460, 2012 U.S. Dist. LEXIS 47240, at *3 (S.D. Ohio Apr. 13, 2012).

For default judgment to be entered by a district court, the court first must be satisfied that it possesses both subject matter and personal jurisdiction over the nonresponsive party. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case."); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment."); *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022). If the jurisdictional prerequisite is met, then the court must weigh the factors articulated by the Sixth Circuit in *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). Those factors are:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*See also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

**A. Scripps Media is entitled to default judgment.**

As a threshold matter, Scripps Media's complaint properly invokes this Court's jurisdiction. Subject matter jurisdiction is proper under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000. Additionally, because CETUS consented to jurisdiction and venue in Ohio for disputes arising from the agreement through a forum selection clause, *see* Doc. 1, PageID 4, personal jurisdiction is proper. *Preferred Capital, Inc. Power Eng'g Grp., Inc.,* 2007-Ohio-257, ¶ 6.

Having established that this Court has both subject matter jurisdiction and personal jurisdiction over CETUS, the Court will now weigh the factors set forth in *Russell*—starting first with whether Scripps Media has asserted sufficient and meritorious claims—the second and third *Russell* factors and saving for later discussion possible prejudice to Scripps Media.

### 1. *Sufficient and Meritorious Claims*

The second and third factors in *Russell* relate to the merits of Scripps Media's claims and the sufficiency of Scripps Media's complaint. Like other courts, this Court will consider these factors together. Scrips Media alleges three claims in its complaint: (1) breach of contract, (2) goods and services sold and delivered, and (3) unjust enrichment. *See* Doc. 1.

Taking the factual allegations as true, this Court finds that Scripps Media's complaint states a sufficient and meritorious claim against CETUS for breach of contract. However, as explained below, Scripps Media's remaining claims fail as a matter of law.

### i. Count 1: Breach of Express Contract

In its complaint, Scripps Media alleges a claim for breach of contract. Compl., Doc. 1, ¶¶ 8–11. Under Ohio law, a party has stated a breach of contract claim when there is: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and

3

(4) damage or loss to the plaintiff because of the breach. *Mitchell v. Fujitec Am., Inc.*, No. 1:20-CV-363, 2022 WL 836424, *8 (S.D. Ohio Mar. 21, 2022) (quoting *Johnson v. Delphi Corp.*, 261 F. Supp. 2d 955, 961 (S.D. Ohio 2003)). In this case, taking the facts stated in Scripps Media's complaint as true, the parties entered into an agreement on or about November 11, 2020, through which Scripps Media agreed to provide advertising, production and other related services, and in exchange, CETUS agreed to compensate Scripps Media for those services. Compl., Doc. 1, ¶¶ 8–11; Ex. A; Ex. B. Scripps Media alleges that, despite providing such services, CETUS failed to uphold its end of the bargain by timely compensating Scripps Media for the services rendered. *Id.* After CETUS failed to make good on payment, Scripps Media alleges that it suffered damages totaling $171,310.00, plus interest at a rate of 3% per year from June 17, 2021, and attorney fees and costs. *Id.* The Court finds that Plaintiff has therefore stated a sufficient and meritorious claim for breach of contract.

### ii. Count 2: Goods and Services Sold and Delivered

Scripps Media's second claim relates to goods and services sold and delivered. Compl., Doc. 1, ¶¶ 12–13. As part of this claim, Scripps Media states in the complaint that it fully incorporates the allegations set forth in its breach of contract claim. The problem is that the Court has not been provided with a sufficient factual basis to discern any justiciable claim under the theory presented, and as the result the Court finds that the claim predicated on goods and services sold and delivered to be completely without merit.

### iii. Count 3: Unjust Enrichment

Scripps Media's third claim seeks relief based on unjust enrichment. Compl., Doc. 1, ¶ 14–15. Having established that Scripps Media has set forth a sufficient and meritorious claim for breach of contract, this Court declines to enter default judgment on Scripps Media's unjust

enrichment claim because this claim is now impermissibility duplicative. *See Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 904 (S.D. Ohio 2013) ("Under Ohio law, a plaintiff may not recover under the theory of unjust enrichment [or quasi-contract] when an express contract covers the same subject.").

### 2. *Prejudice to the Plaintiff*

Having found that Scripps Media has stated a sufficient and meritorious breach of contract claim, the Court must next determine whether Scripps Media would suffer prejudice if its motion were denied. Under the circumstances presented here, the Court finds that Scripps Media has established that the company would suffer prejudice if its motion were to be denied. Scripps Media initiated this lawsuit in December 2021, and the events underlying the complaint began in November 2020. As part of its complaint, Scripps Media seeks damages for services rendered from November 2020 through May 2021. Taking Scripps Media's allegations as true, it would mean that nearly four years have passed since Scripps Media was due to be fully compensated for the services performed for CETUS. Moreover, CETUS has made no effort to appear or defend this lawsuit. To deny Scripps Media's motion would "render [Scripps Media's] effort at a civil resolution futile, while rewarding [CETUS's] avoidance of this litigation." *Evans Adhesive Corp. v. Golden State Adhesives, Inc.*, No. 2:23-cv-1801, 2023 WL 7130676, at *3 (S.D. Ohio Oct. 30, 2023). For these reasons, the Court finds that this factor weighs in favor of default judgment.

### 3. *Amount of Money at Stake*

Next, the Court considers the amount of money at stake. Scripps Media indicates that the balance due on the obligation is $171,310.00, plus interest at a rate of 3% per year from June 17, 2021, attorney fees in the amount of $3,000.00 and court costs. Compl., Doc. 1; Doc.

16, PageID 45. When considering the balance due, post-judgment interest, and reasonable attorney fees and costs, Scripps Media's total award is likely to be on the lower end of the range of awards in federal cases. *See Bd. Of Trs. Of the Ohio Laborers Bens. v. Olive Leaf Landscaping, Inc.*, No. 2:22-CV-2799, 2023 WL 8031493, at *3 (S.D. Ohio Nov. 20, 2023) (collecting cases). This factor therefore weighs in favor of default judgment.

### 4. *Possible Disputed Material Facts*

As for the next factor, because CETUS has failed to appear or defend against this action, it has not placed any material facts in dispute. Additionally, because CETUS has also failed to respond to Scripps Media's complaint and motion for default judgment, CETUS has forfeited the right to dispute the allegations set forth therein. *See Evans Adhesive Corp.*, 2023 WL 7130676, at *3. This factor likewise weighs heavily in favor of default judgment.

### 5. *Excusable Neglect*

Like the previous factor, this Court is unable to attribute CETUS's default to excusable neglect because CETUS has failed to appear or otherwise defend in this action despite proper service of process. This fact is indicative of actual disregard rather than excusable neglect. *United States v. Intelligent Perimeter Sys.*, No. 2:21-cv-1913, 2022 WL 3348653, at *4 (S.D. Ohio Aug. 12, 2022). Such behavior should not be rewarded and this factor therefore favors default judgment.

### 6. *Preference for Decision on the Merits*

As a final consideration, the Court must account for "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. By its nature, default judgment conflicts with merits-based decisions. But in cases such as this, where CETUS has shown absolutely no interest in pursuing a defense or decision on the

merits, it is appropriate to consider the need for judicial efficiency and the needs of the litigants that have actually appeared before the Court. There are no mitigating factors that weigh against default judgment; thus, the Court is compelled to resolve this case through default judgment. Accordingly, default judgment shall issue forthwith against CETUS.

### B.  Scripps Media is entitled to damages.

With regard to awarding monetary damages in cases of default judgment, the rule is well settled: "[W]hile liability may be shown by well-pleaded allegations, the district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)). Under Rule 55(b)(1), a court may enter judgment by default when the claim is for a sum certain, including sums calculable "from the terms of a written document such as a contract or promissory note." *Dailey v. R & J Comm'l Contracting*, No. C2-01-403, 2002 WL 484988, at *3 (S.D. Ohio Mar. 28, 2002) (citing Fed. R. Civ. P. 55(b)(2)). A court may do so without a hearing if damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1 (quoting *Wilson v. D & N Masonry, Inc.*, No. 1:12-cv-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014)); *see also Meyer v. City of Cincinnati*, 943 F.2d 52 (6th Cir. 1991) (noting that under Rule 55(b)(1), a district court is "required to enter a default judgment" in the amount computable to a sum certain). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). While all reasonable inferences from the evidence presented are drawn in the moving party's favor, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d

61, 65 (2d Cir. 1981), "[t]he burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l Grp. Merch. Servs. v. Ninna, Inc.*, 655 F.Supp.2d 177, 189 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

Scripps Media seeks damages in the amount of $171,310.00 plus interest at a rate of 3% per year from June 17, 2021, attorney fees in the amount of $3,000.00, and court costs. To support its claim for damages, Scripps Media has provided (1) an affidavit by credit manager Jim Deak, which states that Scripps Media is owed $171,310.00 for services rendered; (2) an affidavit by attorney Billy W. Blake, which claims an entitlement of $3,000.00 in attorney fees for at least 12 hours of billable time, billed at a rate of $250 per hour, and; (3) a cash statement detailing the invoice information for balances owed by CETUS to Scripps Media from November 2020 through June 2021 for services rendered under the parties' contract. Doc. 16, PageID 45–52.

The Court finds that Scripps Media has provided sufficient evidence to meet its burden of proving its entitlement to $171,310.00 in damages owed for services rendered to CETUS. The affidavit submitted by Jim Deak, coupled with the cash statement which provides in detail each invoice submitted to CETUS and the balance owed for each, allow this Court to find with reasonable certainty that Scripps Media is entitled to $171,310.00. Scripps Media shall be entitled to interest at a rate of 3% per year from June 17, 2021.

Scripps Media, however, has not met its burden of proving its entitlement to attorney fees and court costs at this juncture. "The party seeking attorney fees bears the burden of documenting [its] entitlement to the award." *Surge Staffing, LLC v. Eva Logistics*, No. 2:23-cv-00873, 2023 WL 7130675, at *4 (S.D. Ohio Oct. 30, 2023) (quoting *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)). The party seeking fees must justify its request with specific evidence

detailing the number of hours worked and the appropriate hourly rate. *Miller v. Caudill*, 936 F.3d 442, 452 (6th Cir. 2019). When awarding attorney's fees, the Court "begins by determining the requesting party's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by [the attorney's] court-ascertained reasonable hourly rate." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013). While the Court has no doubt that Scripps Media is entitled to an attorney fee award, the Court lacks sufficient evidence to find that the amount of fees sought is appropriate. Additionally, the affidavit in support of the requested fees was submitted by Billy W. Blake. Though the affidavit represents Mr. Blake is the attorney of record, Mr. Blake has not appeared, nor is he listed as an attorney of record for Scripps Media in this case.

## II.    CONCLUSION

For the reasons set forth herein, Scripps Media's motion for default judgment (Doc. 16) is **GRANTED** in part. Scripps Media is entitled to default judgment in the amount of $171,310.00 plus interest at a rate of 3% per year from June 17, 2021. Counsel for Scripps Media is **ORDERED** to supplement the record with additional evidence in support of its request for attorney fees and court costs within 21 days of the date of this Opinion and Order.

**IT IS SO ORDERED.**

February 25, 2025

Jeffery P. Hopkins
United States District Judge